IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-263-D
No. 5:12-CV-237-D

| | |
|---|---|
| MORRIS ANTONIO REID, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On May 2, 2012, Morris Antonio Reid ("Reid") filed a corrected, amended motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 [D.E. 95]. In his section 2255 motion, Reid asks the court to vacate his current sentence, to re-calculate his advisory guideline range, and to re-sentence him in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). See [D.E. 95] 4, 13. On August 20, 2012, the government moved to dismiss Reid's motion [D.E. 98]. As explained below, the court grants the government's motion to dismiss and dismisses Reid's motion to vacate his sentence.

On July 6, 2010, pursuant to a plea agreement, Reid pleaded guilty to a one-count criminal information that charged Reid with possession of stolen ammunition, in violation of 18 U.S.C. §§ 922(j) and 924 [D.E. 53, 57, 59]. On December 8, 2010, the court calculated Reid's advisory guideline range to be 92 to 115 months, [D.E. 89] 57, and sentenced Reid to 102 months' imprisonment [D.E. 71, 74]. The Fourth Circuit affirmed Reid's conviction and sentence. United States v. Reid, 436 F. App'x 141 (4th Cir. 2011) (per curiam) (unpublished).

In Reid's plea agreement, Reid waived certain appellate and other rights. See [D.E. 59] ¶ 2(c). The appellate waiver stated that Reid agreed:

> [t]o waive knowingly and expressly all rights . . . to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255 . . . .

[D.E. 59] ¶ 2(c). The government asks the court to enforce the appellate waiver in Reid's plea agreement and dismiss his section 2255 motion. See [D.E. 99] 3–4.

Before considering the effect of Reid's appellate waiver, the court first ensures that the waiver was valid. To be valid, the appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522 (4th Cir. 2013). Here, the record of Reid's Rule 11 colloquy reflects that Reid had discussed the entire agreement with his attorney, that Reid understood each term in the agreement, and that he knowingly and intelligently entered into the agreement. See [D.E. 84] 14–24. The court specifically read aloud the entire appellate waiver and confirmed that Reid understood the appellate and other rights he was waiving. Id. 20–23. The court may rely on Reid's sworn statements made during the Rule 11 colloquy to conclude that Reid made the waiver knowingly and voluntarily. United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005). Indeed, the Fourth Circuit already has upheld the validity of Reid's waiver. Reid, 436 F. App'x at 142. Thus, Reid's waiver was valid.

As for the scope of the appellate waiver, Reid waived his right "to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range." [D.E. 59] ¶ 2(c). Reid only reserved his "right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing." Id. The appellate waiver applied to direct appeals of his sentence and to post-conviction proceedings pursuant to section 2255. Id.; see Lemaster, 403 F.3d at 220.

Reid received a sentence of 102 months' imprisonment, which was within the advisory guideline range calculated at sentencing. Reid's section 2255 motion falls within the appellate waiver in his plea agreement. See, e.g., id.; Thornsbury, 670 F.3d at 538–40; United States v. Cohen, 459 F.3d 490, 495–96 (4th Cir. 2006); Blick, 408 F.3d at 172–73. Reid "cannot invalidate his appeal waiver now to claim the benefit of subsequently issued case law." Copeland, 707 F.3d 522. Thus, the court enforces the appellate waiver and dismisses Reid's section 2255 motion.[1]

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of Reid's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. See 28 U.S.C. § 2253(c). Thus, the court denies a certificate of appealability.

In sum, the court GRANTS the government's motion to dismiss [D.E. 98], DENIES Reid's motion to vacate, set aside, or correct his sentence [D.E. 95], and DENIES AS MOOT Reid's other motions [D.E. 93–94]. The court also DENIES a certificate of appealability. The clerk shall close the case.

---

[1] Alternatively, Reid's claim of error in the calculation of his advisory guideline range does not constitute prejudice or a miscarriage of justice sufficient to surmount the procedural bar of section 2255 because the sentence imposed does not exceed the statutory maximum. See, e.g., 28 U.S.C. § 2255(a); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); United States v. Mikalajunas, 186 F.3d 490, 496 (4th Cir. 1999).

3

SO ORDERED. This 26 day of March 2013.

JAMES C. DEVER III
Chief United States District Judge